IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. | * | |
| ANTITRUST LITIGATION | * | MDL 1332 |
| | * | |
| **"Consumer Track"** | * | |
| | * | |
| This Document Relates To: | * | |
| | * | |
| *Cheeseman v. Microsoft Corp.* | * | Civil No. JFM-00-1269 |
| | * | |
| | ***** | |

MEMORANDUM

This action is brought under the Vermont Consumer Fraud Act ("VCFA"). Plaintiffs have filed a motion for summary judgment as to liability. Plaintiffs contend: (1) as a result of my rulings on plaintiffs' Rule 16 motions, Microsoft is collaterally estopped from contesting that it violated the Sherman Act; (2) a violation of the Sherman Act constitutes a violation of the VCFA, *see Vermont Mobile Home Owners' Ass'n, Inc. v. Lapierre*, 94 F. Supp. 2d 519, 523 (D. Vt. 2000); and (3) plaintiffs need not prove actual damages to establish liability under the VCFA.

Section 2461(b) of the VCFA provides:

> Any consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices prohibited by . . . [the VCFA], or who sustains damages or injury as a result of any false or fraudulent representations or practices prohibited by . . . [the VCFA] . . ., may sue for appropriate equitable relief and may sue and recover from the seller, solicitor or other violator the amount of his damages, or the consideration or the value of the consideration given by the consumer, reasonable attorney's fees, and exemplary damages not exceeding three times the value of the consideration given by the consumer.

Vt. Stat. Ann. tit. 9, §2461.

Citing *Peabody v. P. J.'s Auto Village, Inc.*, 153 Vt. 55, 569 A.2d 460, 463 (1989),

plaintiffs contend that "[t]he standard of a deceptive or unfair act or practice under the Act is an objective one and all plaintiffs need to show is that the deceptive or unfair conduct was likely to influence their conduct by distorting the 'ultimate exercise of choice.' . . . The analysis focuses on the 'risk of consumer harm' rather than actual harm." (Pls.' Mem. at 15.) Plaintiffs then refer to several of the findings of fact made by Judge Jackson in *United States v. Microsoft*, 84 F. Supp. 2d 9 (D.D.C. 1999) to demonstrate that Microsoft's unlawful conduct adversely affected consumers' choices and created a risk of consumer harm.

*Peabody* is significantly different from the present case. In *Peabody* the defendant sold the plaintiff what it represented to be a used 1974 Saab while knowing that the car had been "clipped," i.e., the front of a 1974 Saab had been welded to the back of a 1972 Saab. The trial court denied the plaintiff relief under the VCFA because the evidence showed that "the 'clipped' condition of the Saab did not cause 'difficulties'; the car did not break down nor did its fair value diminish at any point." *Peabody*, 569 A.2d at 462. The Vermont Supreme Court reversed, holding that the trial court erred in considering actual damages an element of consumer fraud. Quoting from *International Harvester Co.,* 104 F.T.C. 949, 1057 (1984), the court stated that "[a]ll plaintiff must show . . . is that the deceptive omission is 'likely to influence a consumer's conduct' by 'distort[ing]' the buyer's 'ultimate exercise of choice.'" *Peabody*, 569 A.2d at 463.

*Peabody* makes perfect sense in the context in which it arose. Self-evidently, a consumer is entitled not to be misled about the true nature of the product she is purchasing. It is for that reason that "'representations made [with the] capacity or tendency to deceive'" are actionable under the Federal Trade Commission Act and the VCFA. *Id.* at 463 (quoting *Federal Trade Commission v. Sterling*

*Drug, Inc.*, 317 F.2d 669, 674 (2d Cir. 1963)); *see also Charles of the Ritz Distributors Corp. v. Federal Trade Commission*, 143 F.2d 676, 680 (2d Cir. 1944).

The present case, however, does not involve the making of misleading representations or the conducting of a practice constituting the functional equivalent of such representations. Rather, it involves Microsoft's maintenance of a monopoly that is alleged to have indirectly affected consumer choice. I recognize that this conduct constitutes a violation of the VCFA and that §2461(b) permits a "consumer . . . who sustains damages or injury as a result of any" practice prohibited by the VCFA to bring suit. However, to interpret "injury" as used in this phrase to mean any "distortion of consumer choice" simply by extracting language from *Peabody* – which, in turn, borrowed the language from an FTC case involving deceptive omissions – would be the antithesis of sound statutory construction.[1] Different provisions of the same statute may raise different issues and different policy concerns. The implication (indeed, the apparent goal) of plaintiffs' argument is that all consumers in Vermont who purchased licenses to Windows operating systems during the relevant time period may recover back from Microsoft, under the aegis of a "consumer fraud" statute, all consideration they paid (plus attorney's fees and exemplary damages) even if they had received the exact product for which they bargained and even if a jury were to find they had received full value for what they paid. I am not prepared to accept this implication, at least when ruling on a motion for partial summary judgment.[2]

---

[1] Plaintiffs also suggest that they may sue under § 2461 as "consumer[s] who contract[ed] for goods or services in reliance upon" a practice prohibited by the VCFA. They have not, however, demonstrated that they "relied" on Microsoft's monopoly maintenance in any way.

[2] After the hearing on the motion for partial summary judgment, plaintiffs filed a motion to certify to the Vermont Supreme Court the question "Whether proof of actual damages or direct injury in fact is required to establish liability for deceptive or unfair acts under 9 V.S.A. 2461(b)." This question is far

A separate order is being entered herewith.

Date: May 7, 2003                              /s/_____
                                                J. Frederick Motz
                                                United States District Judge

---

too abstract for certification. In any event, I would not deem it appropriate to request the Vermont Supreme Court to respond to a certified question until this case had proceeded to a stage where it became clear that answering the question was critical to the outcome.