UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

---------------------------------------------------------x
:
IN RE MICROSOFT CORP.                   :
ANTITRUST LITIGATION                    :
                                        :      MDL No. 1332
This Document Relates To:               :      Hon. J. Frederick Motz
                                        :
*Cheeseman* v. *Microsoft Corp.*,       :
(No. 1:00-1269)                         :
                                        :
                                        :
---------------------------------------------------------x


**MICROSOFT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS THE *CHEESEMAN* ACTION
AND TO RECOVER ITS COSTS INCURRED IN BRINGING THIS MOTION**


                                G. Stewart Webb, Jr. (Fed. Bar No. 00828)
                                Randolph Stuart Sergent (Fed. Bar No. 23970)
                                VENABLE LLP
                                1800 Mercantile Bank & Trust Building
                                2 Hopkins Plaza
                                Baltimore, Maryland 21201
                                (410) 244-7565

                                David B. Tulchin
                                Richard C. Pepperman, II
                                Sharon L. Nelles
                                SULLIVAN & CROMWELL LLP
                                125 Broad Street
                                New York, New York 10004
                                (212) 558-4000

                                *Attorneys for Microsoft Corporation*


August 24, 2005

## TABLE OF CONTENTS

                                                                              **PAGE**

FACTS ............................................................................................................................... 2

ARGUMENT ..................................................................................................................... 5

CONCLUSION .................................................................................................................. 7

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

―――――――――――――――――x
                                        :
IN RE MICROSOFT CORP.                   :
ANTITRUST LITIGATION                    :
                                        :      MDL No. 1332
This Document Relates To:               :      Hon. J. Frederick Motz
                                        :
*Cheeseman* v. *Microsoft Corp.*,       :
(No. 1:00-1269)                         :
                                        :
―――――――――――――――――x

### MICROSOFT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE *CHEESEMAN* ACTION AND TO RECOVER ITS COSTS INCURRED IN BRINGING THIS MOTION

On May 27, 2004, Microsoft entered into a Settlement Agreement in *Elkins* v. *Microsoft*, an action in a Vermont state court. The settlement was with a putative class of indirect purchasers (represented by the same lawyers who represent plaintiffs in this action), and Sara Cheeseman and Ronald Rodjenski -- plaintiffs here -- were members of that class. As part of the Settlement Agreement in the Vermont state-court case, Microsoft and plaintiffs' lawyers agreed that upon final approval of the Vermont settlement, the parties would "join in seeking dismissal" of this action, which is based on allegations nearly identical to those asserted by the putative class in the Vermont state-court action. *See* Settlement Agreement, *Elkins* v. *Microsoft Corp.*, No. 165-4-01 Wmcv (Vt. Super. Ct.) § II.K (attached as Exhibit A to the Declaration of Randolph Sergent ("Sergent Decl.")).

Although the *Elkins* settlement was finally approved by the state court in Vermont nearly four months ago, plaintiffs' lawyers have refused to cooperate in seeking

dismissal of this action despite their prior agreement to do so. Indeed, plaintiffs' lawyers have refused to comply with their agreement to seek dismissal of this action, despite the fact that approval of the settlement in *Elkins* is final.

Microsoft therefore respectfully requests that this Court issue an Order dismissing this action. Moreover, because the refusal of plaintiffs' lawyers to abide by their prior agreement necessitated the filing of this motion, Microsoft requests that plaintiffs' lawyers -- Johnson & Perkinson, LLP -- be ordered to pay Microsoft's costs of preparing this motion, including reasonable attorneys' fees.

## FACTS

This action was filed on December 16, 1999 in Vermont state court by Sara Cheeseman and Ronald Rodjenski and removed by Microsoft to federal court on December 20, 1999. On March 31, 2001, a second action was filed in Vermont state court by Richard L. Elkins on behalf of a putative class of Vermont indirect purchasers of Microsoft software. On April 7, 2003, an amended complaint was filed in the *Elkins* action naming Ronald Rodjenski -- who is also a plaintiff in this action -- as an additional putative class representative. *See* Amended Complaint for Class Action Relief, *Richard L. Elkins and Ronald Rodjenski* v. *Microsoft Corp.*, No. 165-4-01 Wmcv. (Vt. Super. Ct. April 7, 2003) ("*Elkins* Amended Compl.") (attached in part as Exhibit B to the Sergent Decl.).

On May 29, 2003, the trial court in the *Elkins* case issued an order appointing Johnson & Perkinson, LLP, which also represents Mr. Rodjenski and Ms. Cheeseman in this action, and Potter Stewart, Jr. Law Offices, P.C. (the firm that filed the

original *Elkins* complaint) as co-lead counsel for the putative Vermont class. Order, *Elkins* v. *Microsoft Corp.*, No. 165-4-01 Wmcv. (Vt. Super. Ct. May 29, 2003) (attached as Exhibit C to the Sergent Decl.).

On May 27, 2004, Microsoft and counsel for plaintiffs in the *Elkins* action entered into a Settlement Agreement. Section II.K of the *Elkins* Settlement Agreement provides:

> [U]pon final approval of this settlement, Counsel for the Vermont Settlement Class and Microsoft shall join in seeking dismissal pursuant to Federal Rule of Civil Procedure 41(a) of *Cheeseman* v. *Microsoft Corp.*, pending in the U.S. District Court for Maryland, as part of *In re Microsoft Antitrust Litigation*, MDL No. 1332, and assigned case number 1:00CV01269 (D. Md.).

Sergent. Decl. Ex. A at 15.[1] On April 27, 2005, the Court in *Elkins* granted final approval to the proposed settlement and entered a final judgment dismissing all claims covered by the settlement with prejudice. Final Judgment, *Elkins* v. *Microsoft Corp.*, No. 165-4-01 Wmcv (Vt. Super. Ct. April 27, 2005) (attached as Exhibit D to the Sergent Decl.). Under Vermont Rule of Appellate Procedure 4, any person wishing to take an appeal from the final judgment in the *Elkins* case had 30 days in which to do so. No such appeal was filed.

On July 28, 2005, Microsoft sent a letter to plaintiffs' counsel enclosing a proposed stipulation of dismissal pursuant to Federal Rule 41(a) and asking that plaintiffs' counsel sign and return the stipulation, pursuant to Section II.K of the *Elkins*

---

[1] "Counsel for the Vermont Settlement Class" is defined in the *Elkins* Settlement Agreement to mean Johnson & Perkinson, LLP and Potter Stewart, Jr. Law Offices, P.C. *Elkins* Settlement Agreement § I.G, Sergent Decl. Ex. A at 3.

Settlement Agreement. Letter from David Tulchin to Jacob B. Perkinson of July 28, 2005 (attached as Exhibit E to the Sergent Decl.). Plaintiffs' lawyers made no response to this request. On August 10, 2005, Microsoft once again requested that plaintiffs' lawyers stipulate to the dismissal of this action in accordance with their prior agreement. August 10, 2005 Letter from David Tulchin to Jacob B. Perkinson (attached as Exhibit F to the Sergent Decl.).

On August 23, 2005, plaintiffs' lawyers finally responded, but declined to stipulate to the dismissal of this action. August 23, 2005 Letter from Jacob B. Perkinson to David Tulchin (attached as Exhibit G to the Sergent Decl.). Counsel for plaintiffs claimed that, because Microsoft and plaintiffs in the *Elkins* action are engaged in ancillary fee litigation related to the settlement, the order approving the Vermont settlement was not "final" and would likely not be final until after the Vermont Supreme Court ruled on any appeal of the fee decision "in late 2006 at the very earliest." *Id.* at 1. This contention is without merit. The order of the Vermont trial court approving the settlement makes clear that the court's retention of jurisdiction over the attorneys' fee dispute in no way affected the finality of the judgment approving the settlement. *See* Order Approving Settlement, *Elkins* v. *Microsoft Corp.*, No. 165-4-01 Wmcv. (Vt. Super. Ct. April 27, 2005) at C-6 (attached as Exhibit H to the Sergent Decl.) ("*Without affecting the finality of this judgment*, the Court hereby reserves continuing and exclusive jurisdiction over all matters relating to the administration, consummation, and enforcement of the Settlement Agreement . . . [including] the issue of attorneys' fees,

-4-

costs and expenses . . . to be paid by Microsoft, which determination shall be made at a later date and time") (emphasis added).

Having failed in its multiple attempts to obtain a stipulation of voluntary dismissal from plaintiffs' counsel, Microsoft brought the present motion.

## ARGUMENT

The final judgment in *Elkins* defines the "Vermont Settlement Class" covered by that judgment as "all persons and entities who, between March 31, 1995 and December 31, 2002, resided in Vermont and purchased in the United States a license for a Microsoft Operating System and/or Microsoft Application, for use in Vermont, and who did not purchase it for resale." *Elkins*, Final Judgment, Sergent Decl. Ex. D at 2.[2] That final judgment bars all claims "arising from the purchase, use and/or acquisition of a license for a Microsoft Operating System and/or Microsoft Application" and which arise under or relate to "any laws concerning or relating to [*inter alia*] antitrust . . . unfair competition . . . unfair practices . . . consumer protection . . . 9 V.S.A. §§ 2541 *et seq*. . . . or any other federal or state law, regulation or common law similar or analogous to any of the above." Sergent. Decl Ex. D at 1.

Plaintiffs in this action (Ms. Cheeseman and Mr. Rodjenski) are residents of Vermont who allege that they made purchases of Microsoft Operating Systems and Microsoft Applications (as those terms are defined in the Settlement Agreement) between March 31, 1995 and December 31, 2002. *See Elkins* Amended Compl., Sergent Decl. Ex.

---

[2] The terms "Microsoft Operating System" and "Microsoft Application" are defined in Sections I.Q and I.R of the *Elkins* Settlement Agreement and Appendices A-1, A-2 and A-3 thereto. *See* Sergent Decl. Ex. A at 5, 38-41.

B ¶ 8 (alleging purchases by Rodjenski during the class period); *Cheeseman* Compl. ¶¶ 7 (alleging purchase by Cheeseman of Microsoft software in 1998) (attached in part to the Sergent Decl. as Exhibit I). They are thus members of the Vermont Settlement Class in *Elkins*. Although Cheeseman and Rodjenski could have opted out of the *Elkins* settlement, they did not do so. *See* Affidavit of Richard C. Bland on behalf of Settlement Administrator Poorman Douglas Corporation, sworn to February 24, 2004 ¶ 12 and Exhibit A (attaching list of all individuals who had opted out of the Vermont settlement) (attached as Exhibit J to the Sergent Decl.). The claims of Cheeseman and Rodjenski are thus barred by the final judgment in the *Elkins* case. None of this is in dispute.

The Settlement Agreement in *Elkins* contains an express agreement by plaintiffs' counsel to dismiss this action upon "final approval" of the settlement in that case. "Final approval" of the *Elkins* settlement was granted by the Vermont state court in April 2005 and that decision is now final. The related fee litigation affects the finality of the settlement not at all, and thus by contract plaintiffs' lawyers are obligated to join Microsoft in seeking dismissal of this action. Their refusal to do so has resulted in a needless waste of the Court's time. Plaintiffs' lawyers should be ordered to reimburse Microsoft for the costs of bringing this motion, including the attorneys' fees thereby incurred.

## CONCLUSION

For the foregoing reasons, plaintiffs' claims should be dismissed with prejudice and plaintiffs' lawyers, Johnson & Perkinson, LLP, should be ordered to pay Microsoft's costs of bringing this motion, including its reasonable attorneys' fees.

Dated: August 24, 2005

Respectfully submitted,

*Of Counsel:*

Richard J. Wallis

Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

By:   /s/
G. Stewart Webb, Jr.
(Fed. Bar No. 00828)
Randolph Stuart Sergent
(Fed. Bar No. 23970)
VENABLE LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7565

David B. Tulchin
Richard C. Pepperman, II
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*