WINDHAM SUPERIOR COURT
STATE OF VERMONT

RICHARD L. ELKINS, and
RONALD RODJENSKI,

                              Plaintiffs,

          v.                                              165-4-01 Wmcv (Vt. Super. Ct.)

MICROSOFT CORPORATION,
a Washington Corporation,

                              Defendant.

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into, subject to Court approval, as of

May 27, 2004, on behalf of the Vermont Settlement Class (as defined below), and Microsoft

Corporation ("Microsoft"), in *Elkins* v. *Microsoft Corp.*, No. 165-4-01 Wmcv (Vt. Super. Ct.),

pending in the Superior Court for Windham County in the State of Vermont.

WHEREAS, plaintiffs have made certain claims against Microsoft based upon alleged

violations of certain state or federal law, and such plaintiffs contend that they and the members

of certain putative classes have suffered damages and other injuries as a result;

WHEREAS, Microsoft denies each and every one of plaintiffs' allegations of unlawful

conduct, damages and other injuries;

WHEREAS, after arm's-length negotiations between Counsel for the Vermont Settlement

Class (as defined below) and Microsoft, this Settlement Agreement has been reached;

WHEREAS, Counsel for the Vermont Settlement Class have concluded, after

investigation of the facts, and after carefully considering the circumstances, that it would be in

the best interests of the Vermont Settlement Class to enter into this Settlement Agreement; and Counsel for the Vermont Settlement Class consider the settlement set forth below to be fair, reasonable, adequate and in the best interests of the Vermont Settlement Class, subject to Court approval;

WHEREAS, Potter Stewart, Jr. Law Offices, PC and Johnson & Perkinson are fully authorized to enter into this Settlement Agreement on behalf of the Vermont Settlement Class;

WHEREAS, Microsoft has concluded that it will enter into this Settlement Agreement in order to, among other things, avoid the further expense, inconvenience, burden, uncertainty and risk of this litigation; and

NOW, THEREFORE, it is agreed by the undersigned, subject to Court approval, on behalf of the Vermont Settlement Class and Microsoft, that All Claims (as defined below) of the Vermont Settlement Class against Microsoft be settled and compromised, and that All Cases (as defined below) against Microsoft be dismissed with prejudice, without costs to any party (except as provided below), on the following terms and conditions:

## I.    DEFINITIONS

For purposes of this Settlement Agreement, the following terms shall have the meanings set forth below.

A.    "All Cases" means *Elkins* v. *Microsoft Corp.*, No. 165-4-01 Wmcv (Vt. Super. Ct.), and *Cheeseman* v. *Microsoft Corp.*, pending in the U.S. District Court for Maryland as part of *In re Microsoft Antitrust Litigation*, MDL No. 1332, and assigned case number 1:00CV01269 (D. Md.).

B.    "All Claims" means all claims, demands, actions, suits and causes of action against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether

known or unknown, asserted or unasserted, that any member of the Vermont Settlement Class ever had, could have had, now has or hereafter can, shall or may have (1) relating in any way to any conduct, act or omission which was or could have been alleged in All Cases as the basis for any antitrust or unfair competition claim, or (2) arising from the purchase, use and/or acquisition of a license for a Microsoft Operating System and/or Microsoft Application (as defined below) and arising under or related to any laws concerning or relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.*), (b) unfair competition, (c) unfair practices, (d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing, (g) trade regulation, (h) trade practices, (i) 9 V.S.A. §§ 2451 *et seq.* or (j) any other federal or state law, regulation or common law similar or analogous to any of the above, or (3) relating in any way to any conduct, act or omission that was or could have been alleged in All Cases as the basis for any claim under the Uniform Commercial Code that relates to (a) unfair competition, (b) unfair practices, (c) consumer protection, (d) price discrimination, (e) unconscionable or unfair pricing, (f) trade regulation or (g) trade practices. "All Claims" does not include claims relating to Microsoft's conduct, acts or omissions that take place after December 31, 2002.

    C.    "Category I products" means all titles of software listed on Appendix A-1 hereto.

    D.    "Category II products" means all titles of software listed on Appendix A-2 hereto.

    E.    "Category III products" means all titles of software listed on Appendix A-3 hereto

    F.    "Claim Period" means the period from the "Notice Ending Date" set forth in II.E.7 below through 30 days after the Date of Final Approval and shall be at least four months.

    G.    "Counsel for the Vermont Settlement Class" means Potter Stewart, Jr. Law Offices, PC and Johnson & Perkinson.

    H.    "Court" means the Superior Court for Windham County in the State of Vermont.

I.    The "Cy Pres Amount" is 50% of the difference between the Maximum Cost of the Settlement and the face value of issued vouchers.

J.    "Date of Final Approval" means the first date upon which all of the events listed in section I.M below have occurred.

K.    "Effective Date of the Settlement" means 60 days after the Date of Final Approval.

L.    "Eligible Schools" means all public, elementary, middle, junior high and high schools (K-12) in Vermont at which at least 50% of the attending students are eligible to receive free or reduced-priced meals through the National School Lunch Program (*see* National School Lunch Act, 42 U.S.C. §§ 1751-1769). The term "Eligible Schools" also will include those public, elementary, middle, junior high and high schools (K-12) in Vermont receiving funds under 16 V.S.A. §§ 4000 *et seq.*, if the Court determines that such inclusion is necessary under Vermont law.

M.    "Final Approval" means the occurrence of all of the following events:

1.    This settlement is approved in all respects by the Court;

2.    The Court enters an Order of Approval and final judgment as provided in section II.I below;

3.    The Court dismisses All Cases with prejudice as provided in section II.K below;

4.    The time to appeal or seek permission to appeal from the Court's Order of Approval and/or final judgment has expired, or, if appealed, the Order of Approval and final judgment have been affirmed in their entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review;

5.    The time for Microsoft to withdraw from this Settlement Agreement (pursuant to the provisions of section II.H below) has expired.

N.    "IT Support Services" are services that primarily involve the maintenance of hardware procured through this Settlement and the installation and maintenance of software procured through this Settlement.

O.    "Maximum Cost of the Settlement" means the maximum amount to be paid for claims in accordance with this Settlement Agreement, which is $9.7 million, as further defined in section IV.B below.

P.    "Microsoft" means Microsoft Corporation, its successors, assigns and subsidiaries.

Q.    "Microsoft Application" means the versions of Office, Excel, and Word listed on Appendices A-2 hereto.

R.    "Microsoft Operating System" means the versions of Windows and MS-DOS listed on Appendices A-1 and A-3 hereto.

S.    "Objection Date" means the postmark date by which members of the Vermont Settlement Class must mail any objection to the proposed settlement or to the request by Counsel for the Vermont Settlement Class for payment of fess, expenses, or costs in order for that objection to be valid.

T.    "Opt-Out Date" means the postmark date by which members of the Vermont Settlement Class must mail their request to be excluded from the Vermont Settlement Class in order for that request to be effective.

U.    "Professional Development Services" are: (1) Supplemental professional development services directed solely at leadership development for school administrators;

(2) Supplemental professional development services directed solely at general curriculum development and instructional strategies; (3) Supplemental professional development services directed solely at the improvement of technology integration for any software title acquired through this Settlement; and (4) Training in the use of any software title acquired through this Settlement.

V.    The "Settlement Administrator" means Poorman Douglas Corp., a competent firm experienced in the administration of large-scale class action settlements, and selected by Microsoft and Counsel for the Vermont Settlement Class.  Poorman Douglas Corp. is designated by the parties to receive opt-out notices from class members under section II.F.2 below.

W.    The "Settlement Period" means four years from the end of the Claim Period.

X.    "Vermont Settlement Class" means all persons and entities who, between March 31, 1995 and December 31, 2002, resided in Vermont and purchased in the United States a license for a Microsoft Operating System and/or Microsoft Application, for use in Vermont, and who did not purchase it for resale ("Vermont Settlement Class").  Excluded from the Vermont Settlement Class are Microsoft, its officers, directors, successors and subsidiaries.

## II.    COURT APPROVAL, CLASS NOTICE AND OPT-OUT PROCEDURES

A.    Best Efforts.  Counsel for the Vermont Settlement Class and Microsoft agree to recommend approval of this Settlement Agreement to the Court.  Counsel for the Vermont Settlement Class and Microsoft also agree to use their best efforts to obtain approval of this Settlement Agreement and to carry out the terms thereof.  Counsel for the Vermont Settlement Class and Microsoft shall support the settlement contemplated by this Settlement Agreement in all statements in any forum.

B.    Certification of Settlement Class.

1.    Promptly upon execution of this Settlement Agreement, Counsel for the Vermont Settlement Class shall file an amended Complaint that will make the definition of the classes on whose behalf the suits were brought coextensive with the Settlement Class.

2.    For settlement purposes only, Counsel for the Vermont Settlement Class will request, as part of the Order for Preliminary Approval and Conditional Certification of Class, that the Court make preliminary findings and enter an Order granting provisional certification of the Settlement Class subject to final findings and ratification in the Final Judgment, and appointing plaintiffs and Counsel for the Vermont Settlement Class as representatives of the Settlement Class.

3.    Neither party consents to amendment of the Complaint or certification of the Settlement Class for any purpose other than to effectuate the settlement of this action. If this Settlement Agreement is terminated pursuant to its terms, or if the settlement is not approved, the Order granting leave to amend the Complaint and the Order conditionally certifying the Settlement Class shall be automatically vacated upon notice to the Court of the termination of the Settlement Agreement, and the matter shall proceed as though the Settlement Class had never been conditionally certified and such findings had never been made, without prejudice to the ability of any party thereafter to request or oppose class certification on any basis.

C.    Motion for Preliminary Approval. Counsel for the Vermont Settlement Class shall submit to the Court on or before June 15, 2004 a motion for preliminary approval of this Settlement Agreement on behalf of the Vermont Settlement Class, together with a proposed preliminary approval order in the form appended hereto as Appendix B. The motion for preliminary approval shall seek approval of the form and manner of notice and opt-out

procedures as set forth in sections II.E and II.F below.  The motion for preliminary approval shall also ask the Court to schedule a hearing date for final approval of this Settlement Agreement.  If such settlement is terminated or does not obtain Final Approval, then the status of class certification in this litigation shall be as it existed prior to the execution of this Settlement Agreement.

      D.     <u>Stay of Discovery and Other Proceedings</u>.  Upon moving for preliminary approval, the parties agree to seek from the applicable court a stay of this litigation, including discovery.  Counsel for the Vermont Settlement Class and Microsoft shall file pleadings and otherwise take any steps necessary to effect or maintain this stay in this Court.

      E.     <u>Notice</u>

      1.     In the motion for preliminary approval of this Settlement Agreement (as set forth in section II.C above), Counsel for the Vermont Settlement Class shall apply to the Court for an order authorizing summary notice by publication to the Vermont Settlement Class substantially in the form to be agreed upon by Counsel for the Vermont Settlement Class and Microsoft, and as approved by the Court.  Such notice shall inform the Vermont Settlement Class of the conditional certification of the Vermont Settlement Class and the terms of the Settlement Agreement, advise of the right to request exclusion from the Vermont Settlement Class and to object to the proposed settlement or to the request for fees, expenses, or costs by Counsel for the Vermont Settlement Class, and state the date scheduled by the Court for the hearing on final approval of the settlement.

      2.     Counsel for the Vermont Settlement Class and Microsoft agree that, under the circumstances, the best practicable means of notice to the Vermont Settlement Class is notice by publication supplemented by the provision of notice pursuant to section II.E.3, 4, 5 and 6

below.  Subject to approval of the Court, Counsel for the Vermont Settlement Class and Microsoft agree that notice shall be published in both a weekday and weekend edition of the following daily newspapers, and that Microsoft will bear the cost of such notice:

>The Bennington Banner
>The Brattleboro Reformer
>The Burlington Free Press
>The Caledonian Record
>The Newport Daily Express
>The Rutland Herald
>The St. Albans Messenger
>The Times-Argus
>The Valley News

3.    In addition to notice by publication, Microsoft will arrange for written notice (which notice shall include a claim form) substantially in the form adopted pursuant to section II.E.1 above to be mailed by U.S. post (a) to all identifiable Vermont Settlement Class members whose mailing addresses are in any of the following databases:  MS Sales, MSL, MOLP, WWMDB and Microsoft product support databases, including the Clarify, PSS Reporting Warehouse and PID Server databases, (b) to all identifiable Vermont Information Services managers whose mailing addresses are on a list of Information Services managers maintained by or in the possession of Microsoft, (c) to all identifiable Vermont Settlement Class members whose mailing addresses are known by Counsel for the Vermont Settlement Class and provided to the Settlement Administrator within 60 days after preliminary approval of the Settlement, and (d) to the named plaintiffs in this case at their last known address.  The mailed notice to each Vermont Settlement Class member other than volume licensees whose mailing address is in WWMDB will include a printout (to be provided to the Settlement Administrator by Microsoft) of the number of licenses in each applicable product category found in WWMDB for that Vermont Settlement Class member.  All mailed notices will contain a stern warning

regarding the possibility of audit and the penalties for the submission of false information in connection with claiming and/or redeeming vouchers. The Settlement Administrator shall utilize a service to update these mailing addresses. Microsoft will bear the cost of such notice.

4.    In addition to notice by publication, Microsoft will arrange for e-mail notice (which notice shall include a link to an electronic copy of a Claim Form) substantially in the form adopted pursuant to section II.E.1 above to be e-mailed to all identifiable Vermont Settlement Class members whose e-mail addresses are in any of the following databases: MS Sales, MSL, MOLP, WWMDB and Microsoft product support databases, including the Clarify, PSS Reporting Warehouse and PID Server databases. Microsoft will also arrange for e-mail notice to be e-mailed to all identifiable Vermont Information Services managers whose e-mail addresses are on a list of Information Services managers maintained by or in the possession of Microsoft. Microsoft will also arrange for e-mail notice to be e-mailed to all identifiable Vermont Settlement Class members whose e-mail addresses are known by Counsel for the Vermont Settlement Class and provided to the Settlement Administrator within 60 days after preliminary approval of the Settlement. All e-mailed notices will contain a stern warning regarding the possibility of audit and the penalties for the submission of false information in connection with claiming and/or redeeming vouchers.

5.    Microsoft will also cause the Court-approved notice of the Settlement to be posted, during the entire Notice Period (as defined in section II.E.7 below), on an Internet Web site, as Counsel for the Vermont Settlement Class and Microsoft shall agree. The Settlement Administrator will manage the Internet Web site. An electronic copy of a Claim Form will be available on the Web site. The Web site will also contain information on how to make claims. All notices pursuant to sections II.E.2, II.E.3, and II.E.4 above shall direct

Vermont Settlement Class members to the Web site. All notices pursuant to sections II.E.2, II.E.3, and II.E.4 above shall also direct Vermont Settlement Class members to a toll-free "800" telephone number from which Claim Forms and additional information can be obtained. Microsoft will pay all costs and expenses associated with the Internet Web site and the toll-free telephone number.

6.    In addition to the Web site described in section II.E.5 above, a copy of the notice will be posted on Microsoft's corporate Web site and will be linked to the "legal issues" tab or some other more descriptive tab name to be agreed upon by Counsel for the Vermont Settlement Class and Microsoft.

7.    The written and e-mail notice sent by mail and e-mail pursuant to sections II.E.3 and II.E.4 above shall be provided during a period ("Notice Period"), which shall begin on a date within 60 days after the Court enters an order preliminarily approving this Settlement Agreement ("Notice Commencement Date") and which shall end 60 days after the Notice Commencement Date ("Notice Ending Date") or such other period of time as ordered by the Court. Counsel for the Vermont Settlement Class and Microsoft shall use all reasonable efforts to ensure that the notice by publication pursuant to II.E.2 above is completed during the same Notice Period.

8.    The Settlement Administrator shall utilize the national change of address service through the United States Postal Service to obtain corrected mailing addresses for Vermont Settlement Class members whose notices are returned because they were sent to incorrect addresses. Microsoft will pay up to an additional $5,000.00 to allow the Settlement Administrator to utilize other reasonable means to obtain corrected addresses.

9.    Microsoft will bear the costs of notice as provided under this section II.E, whether or not this Settlement Agreement obtains Final Approval or is otherwise terminated.

F.    Opt-Out Procedures

1.    Eligibility.  Counsel for the Vermont Settlement Class and Microsoft will recommend that the Court approve an Opt-Out Date that is 60 days after the Notice Ending Date. Any member of the Vermont Settlement Class may request exclusion from ("opt out" of) the settlement on or before the Opt-Out Date through the method described below. Except as otherwise authorized by law, no person may opt out on behalf of any other person, persons, classes or sub-classes.

2.    Method of Exercise.  Each member of the Vermont Settlement Class wishing to opt out of the Vermont Settlement Class must individually sign and submit timely written notice to a Post Office Box designated by the Settlement Administrator.  This written notice must clearly manifest an intent to be excluded from the Vermont Settlement Class.  To be effective, written notice must be postmarked on or before the Opt-Out Date.

G.    Objection Procedures

1.    Deadline for Objecting.  Members of the Vermont Settlement Class will be informed in the notice that if they have not excluded themselves from the settlement class, they may appear at the Final Approval hearing in person, or though duly authorized counsel of its, his or her choice, and may attempt to show cause, if any, as to why the proposed settlement or the requested award of attorneys' fees and/or expenses should not be approved.  Counsel for the Vermont Settlement Class and Microsoft will recommend that the Court require that any objections be postmarked no later than 60 days after the Notice Ending Date ("Objection Date").

Except as authorized by law, no person may object on behalf of any other person, persons, classes or sub-classes.

2.    Method of Objecting.  No person objecting shall be heard at the Final Approval hearing unless that person has filed with the Clerk of the Court, Windham County Superior Court, P.O. Box 207, Newfane, Vermont 05345, a written objection and any supporting memorandum or other papers and information (including adequate proof of membership in the Vermont Settlement Class) and has served, at the same time, copies of all such papers upon Counsel for the Vermont Settlement Class and Microsoft.

H.    Termination.  In addition to whatever other termination rights are set forth in this Settlement Agreement, Microsoft has a right to terminate this Settlement Agreement in accordance with the terms reflected in Appendix D appended hereto, which will be filed under seal.

I.    Motion for Court Approval and Entry of Final Judgment.  Within 60 days of the Opt-Out Date, Counsel for the Vermont Settlement Class and Microsoft shall seek entry by the Court of an Order of Approval and Final Judgment, substantially in the forms appended hereto as Appendix C and E, respectively, and:

1.    Certifying the Vermont Settlement Class, and appointing plaintiffs and Counsel for the Vermont Settlement Class as representatives of the Vermont Settlement Class;

2.    Determining that Microsoft and the Vermont Settlement Class have submitted to the jurisdiction of the Court for purposes of this settlement, that the Court has personal jurisdiction over Microsoft and all members of the Vermont Settlement Class and that the Court has jurisdiction to approve this Settlement Agreement as fair, reasonable and adequate under Vermont Rule of Civil Procedure 23;

3.    Finding that the notice implemented pursuant to section II.E above (a) constitutes reasonable and the best practicable notice; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Vermont Settlement Class of the pendency of this action, the terms of this settlement, the right to object to or exclude themselves from this settlement, and to appear at the hearing on final approval; (c) constitutes due, adequate and sufficient notice to all persons or entities entitled to receive such notice; and (d) meets the requirements of due process, the Vermont Rules of Civil Procedure and any other applicable law or rules of the Court;

4.    Directing that All Cases be dismissed with prejudice and, except as provided for below, without costs;

5.    Reserving for the Court exclusive jurisdiction over this settlement, including the administration, consummation and enforcement of this settlement;

6.    Determining that there is no just reason for delay and directing that the final judgment shall be final and appealable;

7.    Directing that, for a period of four years from the Effective Date of the Settlement, the Clerk of the Court shall maintain a record of those members of the Vermont Settlement Class who have timely excluded themselves from the Vermont Settlement Class and that a certified copy of such records shall be provided to Microsoft at Microsoft's expense; and

8.    Incorporating the release set forth in section III below and forever discharging Microsoft from All Claims.

J.    Effect of Disapproval.  If the Court for any reason (1) determines not to approve an amendment agreed to by the parties hereto to the existing Complaint; (2) determines not to approve this Settlement Agreement; (3) does not enter the Final Judgment substantially in the

form described in section II.I above and Appendix E hereto; or (4) if the Court's approval is modified, reversed or set aside on appeal, then this Settlement Agreement terminates and becomes null and void except as otherwise provided herein.

K.    Dismissal With Prejudice.  Upon final approval of this settlement, Counsel for the Vermont Settlement Class and Microsoft shall join in seeking dismissal with prejudice of All Cases to the extent that the Court does not dismiss All Cases with prejudice in its Order of Approval and Final Judgment.  Also upon final approval of this settlement, Counsel for the Vermont Settlement Class and Microsoft shall join in seeking dismissal pursuant to Federal Rule of Civil Procedure 41(a) of *Cheeseman* v. *Microsoft Corp.*, pending in the U.S. District Court for Maryland, as part of *In re Microsoft Antitrust Litigation*, MDL No. 1332, and assigned case number 1:00CV01269 (D. Md.).

## III.    RELEASE

A.    Release.  Upon Final Approval, each member of the Vermont Settlement Class hereby expressly and irrevocably waives and fully, finally and forever settles and releases all claims, demands, actions, suits and causes of action against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, that any member of the Vermont Settlement Class ever had, could have had, now has or hereafter can, shall or may have (1) relating in any way to any conduct, act or omission that was or could have been alleged in All Cases as the basis for any antitrust or unfair competition claim, or (2) arising from the purchase, use and/or acquisition of a license for a Microsoft Operating System and/or Microsoft Application and arising under or related to any laws concerning or relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, et seq.), (b) unfair competition, (c) unfair practices, (d) consumer protection,

(e) price discrimination, (f) unconscionable or unfair pricing, (g) trade regulation, (h) trade practices, (i) 9 V.S.A. §§ 2451 *et seq.* or (j) any other federal or state law, regulation or common law similar or analogous to any of the above, or (3) relating in any way to any conduct, act or omission that was or could have been alleged in All Cases as the basis for any claim under the Uniform Commercial Code that relates to (a) unfair competition, (b) unfair practices, (c) consumer protection, (d) price discrimination, (e) unconscionable or unfair pricing, (f) trade regulation or (g) trade practices. This Release does not include claims relating to Microsoft's conduct, acts or omissions that take place after December 31, 2002. Members of the Vermont Settlement Class hereby release any and all claims described above relating to Microsoft's conduct, acts or omissions that occurred on or prior to December 31, 2002.

B.    <u>Waiver of Release Limitations.</u>  In addition to the provisions of section III.A above, each member of the Vermont Settlement Class hereby expressly and irrevocably waives and fully, finally and forever settles and releases, upon Final Approval, any and all defenses, rights and benefits that said class member may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in section III.A above.

## IV.    VOUCHERS

A.    <u>Consideration.</u>  As part of the consideration for the agreement to dismiss All Cases with prejudice, and for entry of the final judgment as provided for in the Settlement Agreement, on the Effective Date of the Settlement, Microsoft shall make available to all members of the Vermont Settlement Class the vouchers described in this section in accordance with the procedures set forth below.

B.    Maximum Cost of the Settlement. The maximum amount to be paid for claims in accordance with this Settlement Agreement is $9.7 million. This amount is based upon an estimate of the number of Category I, Category II and Category III software licenses purchased in the United States during the period March 31, 1995 and December 31, 2002 by the Vermont Settlement Class.

C.    Voucher Amounts. Upon presentation of a proof of claim as set forth in section V.A below, each member of the Vermont Settlement Class who, between March 31, 1995 to December 31, 2002, purchased in the United States a license for a Category I, Category II or Category III product for use in Vermont and not for resale may obtain a voucher as follows:

1.    Members of the Vermont Settlement Class who, between March 31, 1995 to December 31, 2002, purchased in the United States a license for a Category I product for use in Vermont and not for resale will receive a voucher worth $12 for each such license.

2.    Members of the Vermont Settlement Class who, between March 31, 1995 to December 31, 2002, purchased in the United States a license for a Category II product for use in Vermont and not for resale will receive a voucher worth $5 for each such license.

3.    Members of the Vermont Settlement Class who, between March 31, 1995 to December 31, 2002, purchased in the United States a license for a Category III product for use in Vermont and not for resale will receive a voucher worth $5 for each such license.

D.    Voucher Restrictions. The vouchers may be aggregated by any claimant possessing a number of any such vouchers. The vouchers are not redeemable for cash. Nor may the vouchers be presented directly to a retailer or computer manufacturer upon the purchase of the hardware or software described in section IV.F below. The vouchers issued to members of the Vermont Settlement Class shall expire at the end of the Settlement Period. Vouchers will be

printed with security features, will be serialized and, if possible, will be printed with the name of the voucher recipient on the face of the voucher.

E.    Transfer of Claims.  A claimant may transfer vouchers having a total value of up to $650.  Each voucher may be transferred only once.  To transfer a voucher, the claimant must endorse the voucher to a named transferee.  A transferee may redeem only up to $10,000 in transferred vouchers.  When transferees submit vouchers for redemption, they must declare under penalty of perjury that they intend to use the products purchased with the transferred vouchers for their own personal or business use, and that they will not directly, indirectly or in concert with others redeem more than $10,000 of transferred vouchers.  Neither claims nor vouchers are transferable under any other circumstances.

F.    Redemption.  Claimants may present the vouchers to the Settlement Administrator, together with proof of purchase (described in section V.B. below) of any of the following hardware and software purchased after the date of this Settlement Agreement, to receive a cash reimbursement up to the face value of the vouchers.  Claimants may submit qualifying purchases made at different times, but may only make one submission for redemption to the Settlement Administrator.  Valid vouchers will be accepted by the Settlement Administrator if they are (1) postmarked on or before the last day of the Settlement Period, and (2) received by the Settlement Administrator within 14 days of the last day of the Settlement Period.

1.    Hardware.  Claimants may redeem the vouchers from the Settlement Administrator during the Settlement Period by presenting proof of purchase after the date of this Settlement Agreement of any new personal computer or Macintosh computer, including desktop and laptop computers, and Tablet PCs ("Qualifying Hardware").  The definition of Qualifying

Hardware includes the following peripheral devices: printers, scanners, monitors, keyboards and pointing devices (*e.g.*, mouse, trackball, *etc.*). A member of the Vermont Settlement Class whose total claim is less than $950 may use his or her vouchers to purchase such peripheral devices regardless of whether or not the class member also purchases a computer. All other members of the Vermont Settlement Class may use vouchers to purchase such peripheral devices only in connection with the purchase of a computer. The definition of Qualifying Hardware excludes servers, PDAs or other hand-held devices, peripherals other than those expressly included above (including, but not limited to, cables, speakers or other external devices), and components (including, but not limited to, internal or external storage units, internal or external CD-ROM, DVD or other read/write devices, zip drives, tape backup or storage units, memory, video or audio cards, motherboards or CPUs).

        2.     <u>Software</u>. Claimants may redeem the vouchers from the Settlement Administrator during the Settlement Period by presenting proof of purchase after the date of this Settlement Agreement of any non-custom client software title, including any software title not published by Microsoft, that is (a) available for sale to the general public in a standard form, (b) capable of running on any Qualifying Hardware described in section IV.F.1 above, and (c) is not software designed to operate on a server ("Qualifying Software"). The definition of Qualifying Software excludes custom software, software that operates on CPUs not used in Qualifying Hardware, and consulting services.

## V.    PROCESS FOR CLAIMING AND REDEEMING VOUCHERS

        A.     <u>Step 1</u>. Members of the Vermont Settlement Class may claim the vouchers described in section IV.C above by mailing a completed Claim Form, together with proof of qualification, to the Settlement Administrator prior to the close of the Claim Period. Completion

of this first step (submission of a claim form and proof of qualification) shall entitle the claimant to receive only a voucher and nothing more.

1.    Claim Forms. The mailed and e-mailed notice provided pursuant to section II.E above will include, respectively, a Claim Form or a link to an electronic copy of the Claim Form to be used by members of the Vermont Settlement Class. In addition, an electronic copy of the Claim Form will be available on the Internet Web site described in section II.E.5 above, which will also contain information on how to make claims. Members of the Vermont Settlement Class may also obtain Claim Forms by calling a toll free "800" telephone number established by the Settlement Administrator. The Claim Form will contain a stern warning regarding the possibility of audit and the penalties for the submission of false information in connection with claiming and/or redeeming vouchers. All Claim Forms will require a sworn declaration under penalty of perjury that sets forth the claimant's name, street address, telephone number, address at the time of purchase of each qualified license, either a photocopy of a valid driver's license or a social security number or a taxpayer identification number, e-mail address (optional), the quantity purchased of each type of Microsoft Operating System and/or Microsoft Application at issue in this litigation, the year in which each purchase was made, and the identity of the seller. In addition, claims submitted by businesses must include a sworn declaration under penalty of perjury that the software covered by the claim was used in the Vermont.

2.    Proof of Qualification (Claims For Up To Five Licenses). A member of the Vermont Settlement Class may submit claims for up to five (5) licenses supported only by the sworn declaration under penalty of perjury described in section V.A.1 above. The Settlement Administrator shall approve such claims without requiring further documentation unless there is reasonable cause to suspect that the claim is fraudulent. Any additional license claims will

require documentation. The additional documented claims may be combined with the five license claims that are supported only by a sworn declaration.

      3.     <u>Proof of Qualification (Customers Other Than Volume Licensing Customers)</u>. A member of the Vermont Settlement Class who submits claims for additional licenses (other than volume licenses) beyond the five license claims described in section V.A.2 above must support such claims by providing, prior to the close of the Claim Period, for each: (1) a sworn declaration under penalty of perjury as described in section V.A.1 above; and (2) **one** of the following:

      a.     the Product Identification ("PID") number; or

      b.     printed information provided with the mailed notice pursuant to section II.E.3 above.

The Settlement Administrator shall approve such claims without requiring further documentation unless there is reasonable cause to suspect that the claim is fraudulent.

      4.     <u>Proof of Qualification (Volume Licensing Customers)</u>. A member of the Vermont Settlement Class who licensed a Microsoft Operating System and/or Microsoft Application through Microsoft's volume licensing programs (including Open, Select and Enterprise Agreement customers) must support such claims by providing, prior to the close of the Claim Period, for each: (1) a sworn declaration under penalty of perjury as described in section V.A.1 above; and (2) **one** of the following:

      a.     the claimant's license agreement;

      b.     other proof of licensing (license confirmations, Enterprise Agreement enrollment forms, interim true-up orders, eOpen documentation, or MVLS documentation); or

    c.    printed information obtained from the volume licensing program data in Microsoft's eOpen and Microsoft Volume Licensing Services databases, as set forth in section V.A.5 below.

The Settlement Administrator shall approve such claims without requiring further documentation unless there is reasonable cause to suspect that the claim is fraudulent.

    5.    <u>Access to Data</u>.  Microsoft will provide all members of the Vermont Settlement Class who obtained their licenses through a volume licensing program (including the Open, Select, and Enterprise Agreement programs) ("Volume Licensees") with simple, streamlined access from the Internet to volume licensing program data in Microsoft's eOpen and Microsoft's Volume Licensing Services database, and shall provide simple access instructions in the Claim Form so that those members of the Vermont Settlement Class may easily print their license information and attach it to their Claim Forms.  Microsoft will also provide members of the Vermont Settlement Class who are Volume Licensees with a toll free "800" telephone number to handle inquiries (free of charge) concerning how to access Microsoft's volume licensing program data.  Members of the Vermont Settlement Class who are Volume Licensees will be able to call the toll free telephone number to obtain their password, authorization numbers, license numbers and any other information necessary to access such data.

    6.    <u>Requesting Microsoft to Search End User Data</u>.  If a member of the Vermont Settlement Class who is a Volume Licensee is unable to attach the types of documentation that will automatically authorize the full amount of its claims (as set forth in sections V.A.4, and V.A.5 above) after making reasonable efforts to do so, it may check a box on its Claim Form that will require Microsoft (with the active supervision of the Settlement Administrator) to search Microsoft's product registration and volume licensing program data for the necessary license information to further document the claim.  A representative of Counsel for

the Vermont Settlement Class may, at its option, monitor the search process. Microsoft shall provide the Settlement Administrator with copies of the necessary portions of Microsoft's product registration and volume licensing program data and all assistance necessary to facilitate access to the claimant's license information. The Settlement Administrator shall authorize claims documented by the claimant as further supplemented by the license records found in Microsoft's product registration and volume licensing program data.

7.    Other Written Evidence. If a member of the Vermont Settlement Class is unable to attach the types of documentation that will automatically authorize the full amount of its claims (as set forth in sections V.A.3, V.A.4 and V.A.5 above), it may submit other credible written evidence (along with a sworn declaration under penalty of perjury as described in section V.A.1 above) to prove its claim. The parties will jointly select one or more Special Masters to review such additional written evidence and jointly meet with the Special Master(s) to explain the purpose of the clear and convincing evidence standard that is applicable to such submissions. The Special Master(s) may approve the claim based on the additional written evidence if it is clear and convincing. If a claimant only has a sworn declaration or the full amount of a claimant's claim is not approved based on the submitted written documentation, the claimant must appear at a hearing before the Special Master(s) if it wishes to attempt to meet the standard of clear and convincing evidence. The Special Master(s) shall hold hearings throughout Vermont so that no claimant must travel more than 125 miles to appear. Counsel for the Vermont Settlement Class and Microsoft shall have the right to present evidence and contest claims at such hearings. The ruling of the Special Master(s) may be appealed to the Court.

8.    Approval. The Settlement Administrator will promptly review each claim and make a determination of the number and amount of vouchers to be issued to each claimant.

The Settlement Administrator shall mail the voucher(s) for each claimant who has submitted the proof of qualification required by section V.A. above to the address provided by the claimant. The Settlement Administrator shall not be responsible for insuring that the claimant actually receives the voucher.

B.     Step 2. To redeem any voucher for up to its face value, a claimant must submit the voucher, together with proof of purchase of Qualifying Hardware and/or Qualifying Software (as defined in section IV.F above) after the date of preliminary approval of this Settlement Agreement, to the Settlement Administrator such that it is postmarked on or before the last day of the Settlement Period and received by the Settlement Administrator within 14 days of the end of the Settlement Period. Claimants should retain copies of their vouchers and all other documentation submitted to the Claims Administrator as proof of purchase of Qualifying Hardware and Qualifying Software.

1.     Proof of Purchase. The proof of purchase must include (a) a photocopy of a receipt for the purchase of Qualifying Hardware and/or Qualifying Software, and (b) a box top or other original packing material with either a U.P.C. bar code or a proof-of-purchase mark on it. The claimant must have purchased the Qualifying Hardware and/or Qualifying Software after the date of the preliminary approval of this Settlement Agreement. If the amount of the vouchers submitted with the proof(s) of purchase exceeds the purchase price of the Qualifying Hardware and/or Qualifying Software, the Settlement Administrator will not redeem the vouchers for that excess amount.

2.     No Transfer. Subject to the provisions of section IV.E above, once issued, vouchers are not transferable to, and may not be redeemed by, any person or entity other than the member of the Vermont Settlement Class to whom such vouchers were issued.

3.    Approval. Vouchers must be postmarked on or before the last day of the Settlement Period and received by the Settlement Administrator, together with all necessary supporting documentation, within 14 days of the last day of the Settlement Period. If the Settlement Administrator approves the submission, the Settlement Administrator shall, within 45 days of receipt of the voucher(s) and supporting documentation, mail to the claimant a check for the appropriate amount to the address provided by the claimant. The Settlement Administrator is not responsible for insuring that the claimant actually receives the check.

C.    Combined Claims. A member of the Vermont Settlement Class may, at his or her option, submit a Claim Form and proof of qualification (as described in section V.A above) and proof of purchase (as described in section V.B above) at the same time. If all of the submitted documentation is satisfactory, and the settlement is approved and becomes final, the Settlement Administrator shall issue a check to the member of the Vermont Settlement Class for the appropriate amount. However, it is possible that (a) some or all of the class member's submitted documentation may not be approved by the Settlement Administrator and that the class member's claims may not be approved, or (b) the settlement may not be approved or become final.

D.    Settlement Claims Administration

1.    The Settlement Administrator shall review the Claim Forms and proofs of purchase described in sections V.A, V.B, and V.C above to determine whether they contain the required documentation and whether the claims are duplicative or otherwise invalid, and shall reject any invalid claims unless Microsoft otherwise directs. Counsel for the Vermont Settlement Class and Microsoft may work with the Settlement Administrator to verify the validity of claims through Microsoft's volume licensing program data or other reliable

information. If Counsel for the Vermont Settlement Class or Microsoft disputes any claim, the Settlement Administrator may request additional documentation from the claimant.

2.     In the event a Claim Form or proof of purchase described in sections V.A, V.B, or V.C above is rejected by the Settlement Administrator, the Settlement Administrator shall send mailed written notice to the claimant at the address included on the Claim Form, with copies to Counsel for the Vermont Settlement Class and Microsoft.

3.     The decision concerning the validity of any particular claim shall be made by the Settlement Administrator, subject to appeal by the claimant, Counsel for the Vermont Settlement Class or Microsoft for the Court's review and judgment, which is final for accepted claims. Before appealing a decision of the Settlement Administrator to the Court, counsel for the parties shall attempt to resolve informally any disputes over the Settlement Administrator's decision. To the extent such appeals to the Court must be made, the parties will endeavor to make all available appeals at once, to avoid, to the extent practicable, burdening the Court with multiple appeals. In connection with any such appeals, Counsel for the Vermont Settlement Class may seek from the Court additional access to any relevant records of the Settlement Administrator related to Vermont.

4.     Microsoft will advise its sales team and PSS team that all inquiries from members of the Vermont Settlement Class regarding claims procedures shall be redirected to the Settlement Administrator. Microsoft shall not attempt to induce members of the Vermont Settlement Class to opt out of this Settlement or to give up their claims. Information on Claim Forms will not be made available to Microsoft or any other entity for any purpose other than administration of the claims process under this Settlement Agreement.

E.    <u>Costs of Settlement Claims Administration</u>. The Settlement Administrator shall send Microsoft periodic invoices for the costs of claims administration under this Settlement Agreement. Except as otherwise provided in this section V.E, Microsoft shall pay such costs within 30 days of invoice. If Microsoft believes the amount charged on any invoice is excessive, Microsoft may submit its objections to the Court for resolution and need not pay the disputed amount until the Court has resolved the objections.

## VI.    CY PRES

In the event that the total amount of vouchers issued pursuant to section V.A above has a face value of less that $9.7 million, the remaining portion of the Maximum Cost of the Settlement shall be used as follows.

A.    <u>Voucher Totals</u>. Within 60 days of the close of the Claim Period, the Settlement Administrator shall identify the total value of the vouchers issued pursuant to section V.A above to members of the Vermont Settlement Class. This amount shall be deducted from the Maximum Cost of the Settlement. Fifty percent (50%) of the difference between the Maximum Cost of the Settlement and the total amount of issued vouchers shall be designated as the "Cy Pres Amount." The other fifty percent (50%) of the difference between the Maximum Cost of the Settlement and the total amount of issued vouchers shall be retained by Microsoft.

B.    <u>Cy Pres</u>. Microsoft agrees to provide the Cy Pres Amount as a form of Cy Pres remedy. One half of the Cy Pres Amount shall be in the form of General Purpose Vouchers, and one half of the Cy Press Amount shall be in the form of Software Vouchers.

C.    <u>Distribution</u>. The Settlement Administrator will identify, no later than three months after the close of the Claim Period, those school districts in Vermont that have Eligible Schools under section I.L above. The Settlement Administrator shall notify the school districts

having Eligible Schools that they may be entitled to receive General Purpose Vouchers and Software Vouchers according to the terms of this settlement. School districts having Eligible Schools that complete, within 120 days after receipt, an application (to be created by the Settlement Administrator) certifying the status of their Eligible Schools and specifying the number of students those Eligible Schools serve, shall be eligible to receive a pro-rata share (based on the total number of students attending certified Eligible Schools) of the Cy Pres Amount in General Purpose Vouchers and Software Vouchers. The Settlement Administrator shall review the applications and certify the schools as Eligible Schools pursuant to section I.L above. The Settlement Administrator also shall distribute to the school districts having certified Eligible Schools the General Purpose Vouchers and Software Vouchers in the amounts defined above no later than 365 days after the end of the Claim Period. All General Purpose Vouchers and/or Software Vouchers shall expire at the end of the Settlement Period

  D. <u>General Purpose Vouchers</u>. General Purpose Vouchers may be redeemed during the Cy Pres period for any Qualifying Hardware (as defined in section IV.F.1 above), any non-custom software used with the hardware acquired through the use of the General Purpose Vouchers, or "Professional Development Services" (as defined in section I.U above) or "IT Support Services" (as defined in section I.N above) used in connection with the hardware or software acquired through use of the General Purpose Vouchers and/or Software Vouchers. Eligible Schools may also use General Purpose Vouchers to purchase: (1) equipment needed for networking and infrastructure (*e.g.*, routers, servers, wireless network cards, or wireless access points); (2) MSNTV units and access for students' homes or comparable technologies in the market; (3) certification training for software and networking; (4) tablet computers or

comparable technology that may become available; and (5) non-custom assistive technology devices and non-custom software designed for use by students with special needs.

      E.     <u>Software Vouchers</u>. Software Vouchers may be redeemed during the Cy Pres period for current or future Microsoft operating system software (*e.g.*, Microsoft Windows), word processing software (*e.g.*, Microsoft Word), spreadsheet software (*e.g.*, Microsoft Excel), presentation software (*e.g.*, Microsoft Powerpoint), desktop relational database software oriented towards single users and typically residing on a standard personal computer (*e.g.*, Microsoft Access), web-authoring software (*e.g.*, Microsoft Front Page), productivity suite software (*e.g.*, Microsoft Office or Microsoft Works), and encyclopedia software (*e.g.*, Microsoft Encarta) for either personal computers or Macintosh computers, and server software including client access licenses. The Software Vouchers may also be redeemed for non-custom software titles produced by other companies that have similar functionality and compete with any of the above identified Microsoft software titles and can be used with Qualifying Hardware. The Software Vouchers may also be used to cover the cost of the software described in this section VI.D when such software is bundled with a computer purchased with the General Purpose Vouchers. In such circumstances, Software Vouchers may be applied to the bundled operating system software included in the hardware purchase price in an amount equal to the standard academic upgrade price for the operating system software. When any of the other software titles described in this section are bundled with a computer purchased with the General Purpose Vouchers, the Software Vouchers may be applied in an amount no greater than the standard academic price or, if an academic price is not available, in an amount not to exceed the normal or standard price established by the manufacturer for such software. In addition, Eligible Schools will have reasonable access to the Microsoft Help Desk for assistance in using Microsoft software obtained

using the Software Vouchers, subject to parameters on the scope of such access that will be agreed on by the parties and consistent with the level of support given to retail purchasers. However, if such software was pre-installed, then the party responsible for providing support for the product will continue to be responsible.

F.    Vendor Invoices And Certification for Software.  The General Purpose Vouchers and Software Vouchers made available under this cy pres program may be applied to the acquisition of software (including software bundled with hardware acquired with the General Purpose Vouchers as described in section VI.D above) only if the vendor of such software provides an invoice with a separate price for software that can be purchased with General Purpose Vouchers and/or Software Vouchers, and certifies that the price charged for such software is no greater than its standard academic price or, if an academic price is not available, is the normal or standard price charged for such software.  Counsel for the Vermont Settlement Class, Microsoft, and the Settlement Administrator shall have the right to verify by audit or otherwise such certifications and the use of the General Purpose Vouchers and Software Vouchers under this program generally.

G.    Non-Displacement of Other Charitable and Educational Activities.  Microsoft undertakes its obligations under this Settlement Agreement in addition to its existing corporate charitable giving.  Microsoft will not reduce below fiscal year 2001 levels its national charitable giving of cash for a period of 5 years after this Settlement is approved because of the Settlement in this case.  This provision does not relate to Microsoft's program of matching employees' gifts. If Microsoft reduces its national charitable giving below fiscal year 2001 levels in any year covered by this provision, it will provide Counsel for the Vermont Settlement Class with a sworn declaration by an officer of Microsoft that Microsoft did not discriminate against the Vermont

with respect to any such reduction and that the reduction was not made because of the Settlement in this case.

## VII.   OTHER PROVISIONS

A.    <u>No Admission</u>.  By entering into this Settlement Agreement, Microsoft does not admit any liability or wrongdoing or the truth of any of the claims or allegations in All Cases. To the contrary, Microsoft specifically denies each and every one of the allegations of unlawful conduct and damages in All Cases.  It is expressly understood and agreed that this Settlement Agreement is being entered into solely for the purpose of amicably resolving All Claims between Microsoft and the Vermont Settlement Class.  Counsel for the Vermont Settlement Class agree not to represent, publicly or otherwise, that the settlement in any way embodies, reflects, implies or can be used to infer any culpability by Microsoft or any of its directors, officers, employees, attorneys, insurers or agents.

B.    <u>No Most Favored Nation Provision</u>.  This Settlement Agreement in the Vermont will take place on the basis of the terms specified in this agreement regardless of, and will not be contingent upon, whatever else might happen in Microsoft's litigation in any other jurisdiction. Specifically, there is no "Most Favored Nation" provision.

C.    <u>Incentive Payment to Class Representative</u>.  The parties will ask the Court to award, and Microsoft agrees to pay, $3,000 to each of the class representatives (not to exceed three representatives), to be paid within 30 days of the Date of Final Approval.

D.    <u>Attorneys' Fees and Costs</u>.  Microsoft agrees to pay Counsel for the Vermont Settlement Class reasonable attorneys' fees and costs for work performed in connection with All Cases (as defined in section I.A. above) in an amount approved by the Court.  Following entry of an order preliminarily approving the settlement, the parties shall confer and attempt to agree on

an amount of attorneys' fees and costs that Microsoft will not oppose. If the parties are able to

reach an agreement, the agreed-upon amount of attorneys' fees and costs will be presented to the

Court as part of plaintiffs' motion for final approval of the settlement. If, however, the parties

are unable to reach an agreement, the hearing on final approval shall proceed on a date to be set

by the Court, and the parties thereafter will litigate the question of reasonable attorneys' fees and

costs. In connection with such litigation, plaintiffs can apply for any amount that they consider

to be reasonable attorneys' fees and costs, and Microsoft can oppose that application in any

manner it wishes.

     E.    <u>Binding Effect</u>. This Settlement Agreement shall be binding upon, and inure to

the benefit of, each member of the Vermont Settlement Class, Microsoft, and their respective

successors, assigns and subsidiaries.

     F.    <u>Choice of Law</u>. This Settlement Agreement shall be governed by and interpreted

according to the substantive laws of Vermont without regard to its choice of law or conflict of

laws principles.

     G.    <u>Discovery Materials</u>.

     1.    All discovery materials and information (including but not limited to

documents; responses to interrogatories, document requests, subpoenas or other oral or written

requests; transcripts (including but not limited to deposition transcripts) of any kind and in any

medium; privilege logs; and all data furnished or stored by electronic means (including but not

limited to CDs, computer files, emails and attachments and tape storage units) produced or

provided by any of the parties or non-parties either before, on or after the date of this Settlement

Agreement, whether produced or provided informally or pursuant to discovery requests, shall be

governed by all Confidentiality/Protective Orders in force as of the date of this Settlement

Agreement or as modified with the consent of Counsel for the Vermont Settlement Class and Microsoft.

2.    Counsel for the Vermont Settlement Class and Microsoft acknowledge and agree that within 30 days of the Date of Final Approval or the resolution of all appeals related to the Settlement Agreement, whichever is later, all such discovery materials and information relating solely to All Cases produced by, provided by or discovered of Microsoft, or its current or former directors, officers, employees, attorneys, insurers or agents, shall be returned to Microsoft upon its request and at its expense, or destroyed in a manner acceptable to Microsoft.  In addition, anything which incorporates, includes, references or quotes any discovery materials or information produced by, provided by, discovered of or obtained in discovery relating to Microsoft, or its current or former directors, officers, employees, attorneys, insurers or agents (including but not limited to materials or information produced by non-parties, expert work product and attorney work product) shall be returned to Microsoft upon its request and at its expense, or destroyed in a manner acceptable to Microsoft.

3.    Counsel for the Vermont Settlement Class shall also cause each and every person to whom they have provided such materials (including but not limited to third parties such as experts and consultants) to return the materials to Microsoft or destroy such materials in a manner acceptable to Microsoft.

4.    Notwithstanding the above, Counsel for the Vermont Settlement Class may retain, subject to all applicable confidentiality orders, one file copy each of any pleadings, motions, briefs or affidavits that have been filed with the Court or that pertain to related Microsoft litigation pending in other courts that are properly in their possession.

H.    <u>Execution in Counterparts</u>. The signatories to this Settlement Agreement may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all counsel had signed the same instrument. Facsimile signatures shall be considered as valid signatures as of the date hereof, but the original signature pages shall thereafter be appended to this Settlement Agreement and filed with the Court.

I.    <u>Integrated Agreement</u>. This Settlement Agreement (with its appendices and expressly incorporated documents) contains the entire, complete and integrated statement of each and every term and provision agreed to by Counsel for the Vermont Settlement Class and Microsoft, and is not subject to any condition not provided for herein. This Settlement Agreement shall not be modified in any respect except by a writing executed by all signatories hereto. In entering into this Settlement Agreement, neither Counsel for the Vermont Settlement Class nor Microsoft has made or relied on any warranty or representation not specifically set forth herein.

J.    <u>Jurisdiction</u>. The Court shall have exclusive jurisdiction over all provisions of this Settlement Agreement and over any and all disputes of any kind relating in any way to, or arising in any way out of, this Settlement Agreement.

K.    <u>Notice</u>. Any notice, request, instruction or other document to be given by Microsoft to Counsel for the Vermont Settlement Class, or vice versa, shall be in writing and (a) delivered personally, or (b) sent by Federal Express, facsimile and by Certified Mail, Return Receipt Requested.

If to Microsoft:

Richard J. Wallis
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 882-8080

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

If to Counsel for the Vermont Settlement Class:

Potter Stewart, Jr.
David Dunn
POTTER STEWART, JR. LAW OFFICES, PC
The Merchants Bank Building, Suite 8
Brattleboro, Vermont  05301
(802) 257-7244

Dennis J. Johnson
Jacob B. Perkinson
Robin A. Freeman, Jr.
JOHNSON & PERKINSON
1690 Williston Road
South Burlington, Vermont  05403

IN WITNESS WHEREOF, Counsel for the Vermont Settlement Class and Microsoft have duly executed this Settlement Agreement on this 27th day of May, 2004.

AGREED to this 27th day of May, 2004.

*Counsel for Microsoft Corporation*

_Richard J. Wallis_                                    5/28/04
Richard J. Wallis                                     Date
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 882-8080


_____              _____
David B. Tulchin                                      Date
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
(212) 558-4000


*Counsel for the Vermont Settlement Class*


_____              _____
Potter Stewart, Jr.                                   Date
POTTER STEWART, JR. LAW OFFICES, PC
The Merchants Bank Building, Suite 8
Brattleboro, Vermont  05301
(802) 257-7244

IN WITNESS WHEREOF, Counsel for the Vermont Settlement Class and Microsoft have duly executed this Settlement Agreement on this 27th day of May, 2004.

AGREED to this 27th day of May, 2004.


*Counsel for Microsoft Corporation*


_____          _____
Richard J. Wallis                                                                    Date
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 882-8080


_____          _____
David B. Tulchin                                                                    Date
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
(212) 558-4000


*Counsel for the Vermont Settlement Class*


_____          _____
Potter Stewart, Jr.                                                                   Date
POTTER STEWART, JR. LAW OFFICES, PC
The Merchants Bank Building, Suite 8
Brattleboro, Vermont  05301
(802) 257-7244

IN WITNESS WHEREOF, Counsel for the Vermont Settlement Class and Microsoft have duly executed this Settlement Agreement on this 27th day of May, 2004.

AGREED to this 27th day of May, 2004.

*Counsel for Microsoft Corporation*

_____          _____
Richard J. Wallis                                          Date
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 882-8080

_____          _____
David B. Tulchin                                          Date
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
(212) 558-4000

*Counsel for the Vermont Settlement Class*

_____          _____
Potter Stewart, Jr. David M. Pann                        Date
POTTER STEWART, JR. LAW OFFICES, PC
The Merchants Bank Building, Suite 8
Brattleboro, Vermont  05301
(802) 257-7244

_____    <u>5·27·04</u>
Dennis J. Johnson                           Date
JOHNSON & PERKINSON
1690 Williston Road
South Burlington, Vermont  05403

## APPENDIX A-1

| Product Title/Edition | Version |
|---|---|
| Windows 95 | |
| Windows 98 | |
| Windows 98 Second Edition | |
| Windows Millennium Edition | |

**APPENDIX A-2**

The covered applications products listed below include versions licensed for use with either MS-DOS or Windows.

| Product Title/Edition | Version |
|---|---|
| Office | 1.0 |
| Office | 1.5 |
| Office | 1.6 |
| Office | 2.0 |
| Office | 2.5 |
| Office | 3.0 |
| Office | 3.2 |
| Office | 4.0 |
| Office | 4.1 |
| Office | 4.2 |
| Office | 4.21 |
| Office | 4.3 |
| Office | 4.5 |
| Office | 7.0 |
| Office 95 | |
| Office 97 | |
| Office 2000 | |
| Office XP | |
| Office Professional | 1.0 |
| Office Professional | 3.0 |
| Office Professional | 4.0 |
| Office Professional | 4.1 |
| Office Professional | 4.2 |
| Office Professional | 4.21 |
| Office Professional | 4.3 |
| Office Professional | 7.0 |
| Office 95 Professional | |
| Office 97 Professional | |
| Office 2000 Professional | |
| Office 2002 Professional | |
| Office XP Professional | |
| Office XP Professional Special Edition | |
| Office 2000 Premium | |
| Office Small Business | 7.0 |
| Office 97 Small Business | |
| Office 97.2 Small Business | |

| Product Title/Edition | Version |
|---|---|
| Office 2000 Small Business | |
| Office XP Small Business | |
| Word | 1.0 |
| Word | 1.1 |
| Word | 1.15 |
| Word | 1.2 |
| Word | 2.0 |
| Word | 2.01 |
| Word | 3.0 |
| Word | 3.1 |
| Word | 4.0 |
| Word | 5.0 |
| Word | 5.1 |
| Word | 5.5 |
| Word | 6.0 |
| Word | 6.01 |
| Word | 7.0 |
| Word | 7.1 |
| Word 95 | |
| Word 97 | |
| Word 98 | |
| Word 2000 | |
| Word 2002 | |
| Excel | 1.0 |
| Excel | 1.1 |
| Excel | 2.0 |
| Excel | 2.1 |
| Excel | 2.2 |
| Excel | 2.21 |
| Excel | 3.0 |
| Excel | 4.0 |
| Excel | 5.0 |
| Excel | 6.0 |
| Excel | 7.0 |
| Excel 95 | |
| Excel 97 | |
| Excel 2000 | |
| Excel 2002 | |

## APPENDIX A-3

| Product Title/Edition | Version |
|---|---|
| MS-DOS | 1.0 |
| MS-DOS | 2.0 |
| MS-DOS | 2.11 |
| MS-DOS | 3.1 |
| MS-DOS | 3.2 |
| MS-DOS | 3.21 |
| MS-DOS | 3.22 |
| MS-DOS | 3.3 |
| MS-DOS | 3.5 |
| MS-DOS | 4.0 |
| MS-DOS | 4.01 |
| MS-DOS | 4.2 |
| MS-DOS | 5.0 |
| MS-DOS | 6.0 |
| MS-DOS | 6.2 |
| MS-DOS | 6.21 |
| MS-DOS | 6.22 |
| Windows | 1.0 |
| Windows | 2.0 |
| Windows | 2.1 |
| Windows | 2.11 |
| Windows | 3.0 |
| Windows | 3.1 |
| Windows | 3.11 |
| Windows | 3.2 |
| Windows for Workgroups | 1.0 |
| Windows for Workgroups | 3.0 |
| Windows for Workgroups | 3.1 |
| Windows for Workgroups | 3.11 |
| Windows 2000 | |
| Windows 2000 Professional | |
| Windows NT Workstation | 1.0 |
| Windows NT Workstation | 3.1 |
| Windows NT Workstation | 3.11 |
| Windows NT Workstation | 3.4 |
| Windows NT Workstation | 3.5 |
| Windows NT Workstation | 3.51 |
| Windows NT Workstation | 4.0 |
| Windows NT Workstation | 4.21 |

**APPENDIX B**

WINDHAM SUPERIOR COURT
STATE OF VERMONT

RICHARD L. ELKINS, and
RONALD RODJENSKI,

                  Plaintiffs,

    v.

MICROSOFT CORPORATION,
a Washington Corporation,

                  Defendant.

165-4-01 Wmcv (Vt. Super. Ct.)

**ORDER GRANTING
PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

WHEREAS, Counsel for the Vermont Settlement Class (as defined in the Settlement Agreement dated May 27, 2004) have applied for an order preliminarily approving the terms and conditions of the settlement as set forth in the Settlement Agreement together with the Appendices annexed thereto;

WHEREAS, the settlement requires, among other things, that All Claims (as defined in the Settlement Agreement) against Microsoft be settled and compromised;

WHEREAS, Microsoft has separately joined in this application; and

WHEREAS, this Court having considered the Settlement Agreement and Appendices annexed thereto;

NOW, THEREFORE, pursuant to the Vermont Rule of Civil Procedure 23, it is hereby ORDERED that:

1.    The terms defined in the Settlement Agreement are incorporated herein.

2.      The Court appoints Poorman-Douglas Corporation, a competent firm experienced in the administration of large-scale class action settlements, as the Settlement Administrator. The Settlement Administrator shall be responsible for receiving opt-out communications from the Vermont Settlement Class.

3.      The Court conditionally certifies the Vermont Settlement Class, and appoints Richard L. Elkins and Ronald Rodjenski and their attorneys, Potter Stewart, Jr. Law Offices, PC and Johnson & Perkinson, as representatives for the Vermont Settlement Class.

4.      The Court preliminarily approves the settlement as set forth in the Settlement Agreement, subject to the right of any member of the Vermont Settlement Class to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing All Cases (as defined in the Settlement Agreement) should not be ordered after due and adequate notice to the Vermont Settlement Class as set forth in the Settlement Agreement and after a hearing on final approval.

5.      The Court approves the notice plan as set forth in the Settlement Agreement and the proposed forms of notice;

6.      Any member of the Vermont Settlement Class can request exclusion from (opt-out of) the settlement, as set forth in the Settlement Agreement, on or before 60 days from the Notice Ending Date. Each member of the Vermont Settlement Class wishing to opt out of the Vermont Settlement Class must individually sign and submit timely written notice to the designated P.O. Box obtained by the Settlement Administrator. This written Notice must clearly manifest an intent to be excluded from the Vermont Settlement Class. To be effective, written notice must be postmarked on or before 60 days from the Notice Ending Date.

7.    As of the date hereof, all deadlines, dates and discovery in this litigation shall be stayed and suspended until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.

8.    All protective orders in force as of the date of this Order are hereby amended to apply to, cover, protect and treat all materials and information provided by Microsoft in connection with this settlement (including but not limited to information with respect to the potential or actual members of the Vermont Settlement Class) in the same manner as "Highly Confidential" discovery materials.

9.    The Court hereby schedules a hearing to occur on _____, 2004, at _____ a.m. in Courtroom _____ at _____ to determine whether (a) the proposed settlement as set forth in the Settlement Agreement, should be finally approved as fair, reasonable and adequate pursuant to Vermont Rule of Civil Procedure 23; (b) an Order of Approval approving the Settlement Agreement and a Final Judgment should be entered; and (c) the application of Counsel for the Vermont Settlement Class for an award of attorneys' fees, costs and expenses of litigation in this matter should be approved, provided that final approval of the proposed settlement shall not be delayed pending, or dependent upon, the final resolution of the amount of attorneys' fees, costs and expenses to be awarded to Counsel for the Vermont Settlement Class.  No later than 20 days before the hearing, all relevant briefs and papers shall be filed and served by objectors or persons other than the parties.  No later than seven days before the hearing, all relevant briefs and papers shall be filed and served by the parties.

10.    Neither this Order, the Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or settlement is or may be used as an admission or evidence (a) of the validity of any

claims, alleged wrongdoing or liability of Microsoft; or (b) of any fault or omission of Microsoft

in any civil, criminal or administrative proceeding in any court, administrative agency or other

tribunal.

ENTERED this _____ day of _____, 2004.


_____

## APPENDIX C

### WINDHAM SUPERIOR COURT
### STATE OF VERMONT

RICHARD L. ELKINS, and
RONALD RODJENSKI,

Plaintiffs,

v.

MICROSOFT CORPORATION,
a Washington Corporation,

Defendant.

165-4-01 Wmcv (Vt. Super. Ct.)

**ORDER APPROVING SETTLEMENT**

WHEREAS, on _____ this Court entered an Order preliminarily approving the terms and conditions of this settlement (as reflected in the Settlement Agreement dated May 27, 2004, together with the Appendices thereto);

WHEREAS, the settlement requires, among other things, that All Claims (as defined in the Settlement Agreement) against Microsoft be settled and compromised;

WHEREAS, this matter has come before this Court on a motion by Counsel for the Vermont Settlement Class for final approval of the Settlement Agreement;

WHEREAS, Microsoft has separately joined in the motion; and

WHEREAS, this Court, having considered all papers filed and proceedings held in connection with said motion, having held a hearing on _____, notice of the hearing having duly been given in accordance with this Court's Order dated _____, and finding no just reason for delay in entry of this Order Approving Settlement ("Order of Approval");

NOW, THEREFORE, pursuant to Vermont Court Rule of Civil Procedure 23, it is hereby ORDERED that:

1.    The terms defined in the Settlement Agreement are incorporated herein.

2.    This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding; including all members of the Vermont Settlement Class.

3.    This Court certifies as the Vermont Settlement Class all persons and entities who, between March 31, 1995 and December 31, 2002, resided in Vermont and purchased in the United States a license for a Microsoft Operating System and/or Microsoft Application, for use in Vermont, and who did not purchase it for resale ("Vermont Settlement Class"). Excluded from the Vermont Settlement Class are Microsoft, its officers, directors, successors and subsidiaries. The Court appoints Richard L. Elkins and Ronald Rodjenski and their attorneys, Potter Stewart, Jr. Law Offices, PC and Johnson & Perkinson, as representatives for the Vermont Settlement Class.

4.    This Court hereby approves the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Vermont Settlement Class under Vermont Rule of Civil Procedure 23.

5.    This Court hereby finds and concludes that the notice given to the members of the Vermont Settlement Class was in compliance with this Court's Order dated _____, and that said notice (including, but not limited to, the form of notice and methods of identifying and giving notice to the class) was the best notice practicable under the circumstances and fully satisfies the requirements of due process, the Vermont Rules of Civil Procedure, and any other applicable rules of the Court.

C-2

6.    This Court hereby dismisses on the merits, with prejudice in favor of Microsoft and against all members of the Vermont Settlement Class who did not validly request exclusion from the Vermont Settlement Class, All Cases and all cases consolidated herein.

7.    A list of those members of the Vermont Settlement Class who have submitted valid requests for exclusion from the Vermont Settlement Class is annexed hereto as Appendix A and made a part hereof.  Any member of the Vermont Settlement Class whose name does not appear on the list annexed hereto as Appendix A failed to submit a valid request for exclusion and is hereby barred from asserting otherwise.

8.    Each and every member of the Vermont Settlement Class (other than those listed on Appendix A), as well as those acting in concert with them, are hereby permanently barred and enjoined from instituting, maintaining, prosecuting or enforcing, either directly or indirectly, all claims, demands, actions, suits and causes of action against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, that any member of the Vermont Settlement Class ever had, could have had, now has or hereafter can, shall or may have (1) relating in any way to any conduct, act or omission that was or could have been alleged in All Cases as the basis for any antitrust or unfair competition claim, or (2) arising from the purchase, use and/or acquisition of a license for a Microsoft Operating System and/or Microsoft Application and arising under or related to any laws concerning or relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.*), (b) unfair competition, (c) unfair practices, (d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing, (g) trade regulation, (h) trade practices, (i) 9 V.S.A. §§ 2451 *et seq.* or (j) any other federal or state law, regulation or common law similar or analogous to any of the above, or (3) relating in any way to any conduct, act or

omission that was or could have been alleged in All Cases as the basis for any claim under the

Uniform Commercial Code that relates to (a) unfair competition, (b) unfair practices,

(c) consumer protection, (d) price discrimination, (e) unconscionable or unfair pricing, (f) trade

regulation or (g) trade practices. Members of the Vermont Settlement Class will release any and

all claims described above relating to Microsoft's conduct, acts or omissions that occurred on or

prior to December 31, 2002.

9.    Upon Final Approval, Microsoft is expressly and irrevocably, fully and finally,

released and forever discharged from All Claims.

10.    Without affecting the finality of this judgment, the Court hereby reserves and

retains continuing and exclusive jurisdiction over all matters relating to the administration,

consummation, and enforcement of the terms of the Settlement Agreement and the settlement

embodied therein. If the Settlement Agreement is reversed or overturned on appeal, then this

Order of Approval and the Settlement Agreement shall have no force or affect, and all

negotiations, proceedings and statements made in connection therewith shall be without

prejudice to the right of any persons or entities, and the parties to the proceeding shall be restored

to their respective positions existing as of the date of execution of the Settlement Agreement.

The Vermont Settlement Class and Microsoft shall remain subject to the Court's jurisdiction for

purposes of enforcing the provisions of this paragraph.

[11.    Upon consideration of the application for fees made by Counsel for the Vermont

Settlement Class, Counsel for the Vermont Settlement Class are awarded fees, costs and

expenses of litigation of $_____, to be paid by Microsoft to Counsel for the

Vermont Settlement Class, who shall act as agents on behalf of all other counsel for the Vermont

Settlement Class for purposes of distributing and/or allocating such fees, costs and expenses of

litigation.]


ENTERED this ___ day of _____, 2004.


_____

[UNDER SEAL]

**APPENDIX D**

II.G     <u>Termination Rights</u>.  Microsoft shall have the option to terminate this Settlement Agreement, in its sole discretion, if members of the Vermont Settlement Class holding in total over 24,000 licenses sold in Vermont have properly elected to be excluded from the Vermont Settlement Class prior to the Opt-Out Date.  To exercise this right, Microsoft shall give written notice to the Court and Counsel for the Vermont Settlement Class no later than thirty days after the Opt-Out Date.

APPENDIX E

WINDHAM SUPERIOR COURT
STATE OF VERMONT

RICHARD L. ELKINS, and
RONALD RODJENSKI,

                              Plaintiffs,

       v.

MICROSOFT CORPORATION,
a Washington Corporation,

                              Defendant.

165-4-01 Wmcv (Vt. Super. Ct.)

**FINAL JUDGMENT**

This Final Judgment is entered upon motion for approval of a settlement presented in this

proceeding ("Settlement") as stated in the Settlement Agreement dated May 27, 2004

("Settlement Agreement"), and the appendices attached thereto, by Counsel for the Vermont

Settlement Class, after a hearing on notice.

       1.      For purposes of this Final Judgment, the following terms shall have the meaning

set forth below:

       "All Claims" means all claims, demands, actions, suits and causes of action against
Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known
or unknown, asserted or unasserted, that any member of the Vermont Settlement Class ever had,
could have had, now has or hereafter can, shall or may have (1) relating in any way to any
conduct, act or omission that was or could have been alleged in All Cases as the basis for any
antitrust or unfair competition claim, or (2) arising from the purchase, use and/or acquisition of a
license for a Microsoft Operating System and/or Microsoft Application (as defined below) and
arising under or related to any laws concerning or relating to (a) antitrust (including without
limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.*), (b) unfair competition, (c) unfair
practices, (d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing,
(g) trade regulation, (h) trade practices, (i) 9 V.S.A. §§ 2451 *et seq.* or (j) any other federal or
state law, regulation or common law similar or analogous to any of the above, or (3) relating in
any way to any conduct, act or omission that was or could have been alleged in All Cases as the
basis for any claim under the Uniform Commercial Code that relates to (a) unfair competition,

(b) unfair practices, (c) consumer protection, (d) price discrimination, (e) unconscionable or unfair pricing, (f) trade regulation or (g) trade practices. "All Claims" does not include claims relating to Microsoft's conduct, acts or omissions that take place after December 31, 2002.

"Counsel for the Vermont Settlement Class" means Potter Stewart, Jr. Law Offices, PC and Johnson & Perkinson.

"Microsoft" means Microsoft Corporation, its successors, assigns and subsidiaries.

"Microsoft Application" means the versions of Office, Excel, and Word listed on Appendices A-2 hereto.

"Microsoft Operating System" means the versions of Windows and MS-DOS listed on Appendices A-1 and A-3 hereto.

"Vermont Settlement Class" means all persons and entities who, between March 31, 1995 and December 31, 2002, resided in Vermont and purchased in the United States a license for a Microsoft Operating System and/or Microsoft Application, for use in Vermont, and who did not purchase it for resale ("Vermont Settlement Class"). Excluded from the Vermont Settlement Class are Microsoft, its officers, directors, successors and subsidiaries.

2. All Cases (as defined in the Settlement Agreement), are dismissed with prejudice.

3. Each party to the settlement shall bear its own costs and the fees and expenses of its counsel, except as directed in this Court's Order of _____.

4. The terms of the Settlement Agreement are not merged into this Final Judgment and remain binding upon the parties thereto, who are directed to implement its provisions.

ENTERED this ___ day of _____, 2004.

_____