WINDHAM SUPERIOR COURT
STATE OF VERMONT

RICHARD L. ELKINS, and
RONALD RODJENSKI,

                Plaintiffs,

v.

MICROSOFT CORPORATION,
a Washington Corporation,

                Defendant.

165-4-01 Wmcv (Vt. Super. Ct.)

**FINAL JUDGMENT**

This Final Judgment is entered upon motion for approval of a settlement presented in this proceeding ("Settlement") as stated in the Settlement Agreement dated May 27, 2004 ("Settlement Agreement"), and the appendices attached thereto, by Counsel for the Vermont Settlement Class, after a hearing on notice.

    1.    For purposes of this Final Judgment, the following terms shall have the meaning set forth below:

    "All Claims" means all claims, demands, actions, suits and causes of action against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, that any member of the Vermont Settlement Class ever had, could have had, now has or hereafter can, shall or may have (1) relating in any way to any conduct, act or omission that was or could have been alleged in All Cases as the basis for any antitrust or unfair competition claim, or (2) arising from the purchase, use and/or acquisition of a license for a Microsoft Operating System and/or Microsoft Application (as defined below) and arising under or related to any laws concerning or relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, et seq.), (b) unfair competition, (c) unfair practices, (d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing, (g) trade regulation, (h) trade practices, (i) 9 V.S.A. §§ 2451 et seq. or (j) any other federal or state law, regulation or common law similar or analogous to any of the above, or (3) relating in any way to any conduct, act or omission that was or could have been alleged in All Cases as the basis for any claim under the Uniform Commercial Code that relates to (a) unfair competition, (b) unfair practices, (c) consumer protection, (d) price discrimination, (e) unconscionable or unfair pricing, (f) trade regulation or (g) trade practices. "All Claims" does not include claims relating to Microsoft's conduct, acts or omissions that take place after December 31, 2002.

E-1

FILED
APR 27 2005
Windham County
CLERK'S OFFICE

"Counsel for the Vermont Settlement Class" means Potter Stewart, Jr. Law Offices, PC and Johnson & Perkinson.

"Microsoft" means Microsoft Corporation, its successors, assigns and subsidiaries.

"Microsoft Application" means the versions of Office, Excel, and Word listed on Appendices A-2 hereto.

"Microsoft Operating System" means the versions of Windows and MS-DOS listed on Appendices A-1 and A-3 hereto.

"Vermont Settlement Class" means all persons and entities who, between March 31, 1995 and December 31, 2002, resided in Vermont and purchased in the United States a license for a Microsoft Operating System and/or Microsoft Application, for use in Vermont, and who did not purchase it for resale ("Vermont Settlement Class"). Excluded from the Vermont Settlement Class are Microsoft, its officers, directors, successors and subsidiaries.

2. This case is dismissed with prejudice. All Cases (as defined in the Settlement Agreement) are to be dismissed in accordance with the Settlement Agreement.

3. Each party to the settlement shall bear its own costs and the fees and expenses of its counsel, except as directed in this Court's Order Approving Settlement filed __April 27, 2005__.

4. The terms of the Settlement Agreement are not merged into this Final Judgment and remain binding upon the parties thereto, except as modified by this Court's Order Approving Settlement filed __April 27, 2005__, who are directed to implement its provisions.

ENTERED this 27th day of __April__, 2005.

_____
Hon. Karen R. Carroll, Sup. Court Judge

FILED
APR 27 2005
Windham County
CLERKS OFFICE

E-2