WINDHAM SUPERIOR COURT
STATE OF VERMONT

RICHARD L. ELKINS, and
RONALD RODJENSKI,

                              Plaintiffs,

        v.

MICROSOFT CORPORATION,
a Washington Corporation,

                              Defendant.

165-4-01 Wmcv (Vt. Super. Ct.)

**ORDER APPROVING SETTLEMENT**

WHEREAS, on July 1, 2004, this Court entered an Order preliminarily approving

the terms and conditions of this settlement (as reflected in the Settlement Agreement

dated May 27, 2004, together with the Appendices thereto);

WHEREAS, the settlement requires, among other things, that All Claims (as

defined in the Settlement Agreement) against Microsoft be settled and compromised;

WHEREAS, this matter has come before this Court on a motion by Counsel for

the Vermont Settlement Class for final approval of the Settlement Agreement;

WHEREAS, Microsoft has separately joined in the motion; and

WHEREAS, this Court, having considered all papers filed and proceedings held

in connection with said motion, having held a hearing on April 15, 2005, notice of the

hearing having duly been given in accordance with this Court's Order dated July 1, 2004,

and finding no just reason for delay in entry of this Order Approving Settlement ("Order

of Approval");

FILED

APR 27 2005

Windham County
CLERKS OFFICE

C-1

NOW, THEREFORE, pursuant to Vermont Court Rule of Civil Procedure 23, it is hereby ORDERED that:

1.    The terms defined in the Settlement Agreement are incorporated herein.

2.    This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding, including all members of the Vermont Settlement Class.

3.    This Court certifies as the Vermont Settlement Class all persons and entities who, between March 31, 1995 and December 31, 2002, resided in Vermont and purchased in the United States a license for a Microsoft Operating System and/or Microsoft Application, for use in Vermont, and who did not purchase it for resale ("Vermont Settlement Class"). Excluded from the Vermont Settlement Class are Microsoft, its officers, directors, successors and subsidiaries. The Court appoints Richard L. Elkins and Ronald Rodjenski and their attorneys, Potter Stewart, Jr. Law Offices, PC and Johnson & Perkinson, as representatives for the Vermont Settlement Class.

4.    This Court hereby approves the settlement set forth in the Settlement Agreement, except as modified below, and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Vermont Settlement Class under Vermont Rule of Civil Procedure 23.

5.    This Court hereby finds and concludes that the notice given to the members of the Vermont Settlement Class was in compliance with this Court's Order dated July 1, 2004, and that said notice (including, but not limited to, the form of notice and methods of identifying and giving notice to the class) was the best notice practicable under the circumstances and fully satisfies the requirements of due process, the Vermont Rules of Civil Procedure, and any other applicable rules of the Court.

FILED

APR 27 2005

Windham County
CLERKS OFFICE

C-2

6.     This Court hereby finds that the deadline for submitting claims under the agreement shall be either July 15, 2005, or the date as computed under the Settlement Agreement, whichever occurs later.

7.     This Court hereby Orders that, between May 15, 2005 and May 31, 2005, inclusive, Microsoft shall perform the following:

    (a)     update the website and pre-recorded message accessible by toll-free telephone, as established under section II.E.5 of the Settlement Agreement, to inform members of the Vermont Settlement Class that the settlement has received final approval and that the deadline for submitting claims under the settlement has been extended as provided in this Order; and

    (b)     publish notice in either a weekday or weekend edition of the publications listed in section II.E.2 of the Settlement Agreement that informs the Vermont Settlement Class that the settlement has received final approval and that the deadline for submitting claims has been extended as provided in this Order and also provides other information to Class members about how to make a claim under the Settlement Agreement.

8.     This Court hereby Orders that the definition of "Eligible Schools" contained in section I.L of the Settlement Agreement is modified to include all public elementary, middle, junior high and high schools (K-12) in Vermont at which at least 40% of the attending students are eligible to receive free or reduced-priced meals through the National School Lunch Program (*see* National School Lunch Act, 42 U.S.C. ' ' 1751-1769). Eligible Schools also shall include all public high schools in Vermont that serve students from public elementary, middle and junior high schools in Vermont at

FILED

APR 27 2005

Windham County
CLERKS OFFICE

C-3

which at least 40 percent of the attending students are eligible to receive free or reduced price meals through the National School Lunch Program.

9.    This Court further Orders that the Vermont Department of Education shall be responsible for receiving the *Cy Pres* Vouchers from the Settlement Administrator and distributing those Vouchers to Eligible Schools in accordance with the Settlement Agreement, or as the Department of Education may deem necessary to accomplish equitable distribution among all Eligible Schools.

10.    This Court hereby dismisses on the merits, with prejudice in favor of Microsoft and against all members of the Vermont Settlement Class who did not validly request exclusion from the Vermont Settlement Class, this case and all cases consolidated herein.

11.    A list of those members of the Vermont Settlement Class who have submitted valid requests for exclusion from the Vermont Settlement Class is annexed hereto as Appendix A and made a part hereof. Any member of the Vermont Settlement Class whose name does not appear on the list annexed hereto as Appendix A failed to submit a valid request for exclusion and is hereby barred from asserting otherwise.

12.    Each and every member of the Vermont Settlement Class (other than those listed on Appendix A), as well as those acting in concert with them, are hereby permanently barred and enjoined from instituting, maintaining, prosecuting or enforcing, either directly or indirectly, all claims, demands, actions, suits and causes of action against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, that any member of the Vermont Settlement Class ever had, could have had, now has or hereafter can, shall or may have

C-4

FILED

APR 27 2005

Windham County
CLERKS OFFICE

(1) relating in any way to any conduct, act or omission that was or could have been alleged in All Cases as the basis for any antitrust or unfair competition claim, or (2) arising from the purchase, use and/or acquisition of a license for a Microsoft Operating System and/or Microsoft Application and arising under or related to any laws concerning or relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.*), (b) unfair competition, (c) unfair practices, (d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing, (g) trade regulation, (h) trade practices, (i) 9 V.S.A. §§ 2451 *et seq.* or (j) any other federal or state law, regulation or common law similar or analogous to any of the above, or (3) relating in any way to any conduct, act or omission that was or could have been alleged in All Cases as the basis for any claim under the Uniform Commercial Code that relates to (a) unfair competition, (b) unfair practices, (c) consumer protection, (d) price discrimination, (e) unconscionable or unfair pricing, (f) trade regulation or (g) trade practices. Members of the Vermont Settlement Class will release any and all claims described above relating to Microsoft's conduct, acts or omissions that occurred on or prior to December 31, 2002.

13.    Upon Final Approval, Microsoft is expressly and irrevocably, fully and finally, released and forever discharged from All Claims.

14.    Without affecting the finality of this judgment, the Court hereby reserves and retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, and enforcement of the terms of the Settlement Agreement and the settlement embodied therein. The Court specifically retains continuing jurisdiction over the issue of attorney's fees, costs and expenses incurred on behalf of the Class to be paid by Microsoft, which determination shall be made at a later

FILED

APR 2 7 2005

Windham County
CLERKS OFFICE

C-5

date and time in accordance with section VII.D of the Settlement Agreement. If the Settlement Agreement is reversed or overturned on appeal, then this Order of Approval and the Settlement Agreement shall have no force or affect, and all negotiations, proceedings and statements made in connection therewith shall be without prejudice to the right of any persons or entities, and the parties to the proceeding shall be restored to their respective positions existing as of the date of execution of the Settlement Agreement. The Vermont Settlement Class and Microsoft shall remain subject to the Court's jurisdiction for purposes of enforcing the provisions of this paragraph.

ENTERED this 27th day of ___April___, 2005.

_____
Hon. Karen R. Carroll, Sup. Court Judge

FILED

APR 2 7 2005

Windham County
CLERKS OFFICE

C-6